All right, we'll take the final case on the argument, Ellender, Nance v. Warfield. Whenever you're ready, Castle. Good morning, Your Honors, and may it please the Court, April Maxwell on behalf of the debtor Johnny Lee Nance. In bankruptcy, exemptions are what are used to protect a person's property from the trustee and from creditors. Without a proper exemption, the debtor can lose their home, they can lose their car, they can lose household goods and furnishings, everything that they own. So they need exemptions to cover those and to protect them. There are over 50 different exemption schemes across the U.S. But when filing a bankruptcy, a debtor can only choose one exemption scheme at a time. So somebody can't say, I have a homestead exemption under Arizona law and I also have a homestead exemption under Washington State law. They cannot concurrently claim those rights. So they have to pick. You have to pick. And you have to pick an entire scheme. You have to say either Arizona State law, Washington State law, federal law. You have to pick one and stay within that exemption. And that is because of both what the statute says and how the form is set up. Right. So it's the statute 522B1 says that they must choose either paragraph 2 or paragraph 3 in the alternate. And then the state and the official form, again, also says that you have to check only one. If you're claiming state and federal non-bankruptcy exemptions or the federal exemptions. And then under Bankruptcy Rule 9009, it says that you're required, they shall be, that the official form shall be used without alliteration or without change. So under the statutes, under the bankruptcy rules and under the official forms, and as well as under the cases that have looked at this. For example, NRELAD says they simply do not allow pleading in the alternative. You have to pick one exemption scheme at a time. Also, the federal exemption is only available, one that he ultimately relied on, if the state ones are not. Is that right? Sometimes. Since Arizona is an opt-out state, that is the case. There are other states, for example, Texas, you get to choose which one you want. But in Arizona, you're required to use the state exemptions unless there's a reason that you can't. But I thought that the federal exemption, in any event, I was a little confused about this, but it appeared that the federal exemption was available. I mean, even with regard to Washington, the backup one, the one that he ultimately relied on, only if there's nothing else. Right. A lot of times, and again, in the circumstances of this case, yes, it's only available if there is nothing else available. And that's due to the hanging paragraph under. The hanging paragraph or whatever. Yeah, the 522B3. It's underneath 522B3. So in the circumstances of this case, yes, that is the case. Federal exemptions are only available if another exemption scheme is not available. So we agree that if Mr. Nance had amended to claim the federal exemption as he was after the trustee objected, that he could have done so before the court ruled. So can you rephrase that? I'm sorry. Okay. So the trustee objects to the Washington claim of exemptions. Right, the Homestead exemption. And there's a notice to Mr. Nance that there's this objection. And at the bottom of the notice, it says you're warned that if you don't respond to this, the judge, the court's going to rule and going to accept the objection. Right. So between the time that he got the notice and the time the court accepted the objection, he could have amended. He could have amended. However, for the purposes of claim preclusion, he's not required to have amended because claim preclusion is only available when something could have been argued but was not. And that's the point. He could not have argued for the federal exemptions at the same time that he was arguing for the Washington state exemptions. Which is what a major difference is between the district court and the trial level court and the bankruptcy court. In the bankruptcy court, even if there are multiple exemption schemes that you can use, you must only pick one. And really that's done to minimize litigation and streamline the process. And like I said, it's one of the main differences between bankruptcy court and the district court. Partly your argument, I take it, is that if the scheme were he always could have argued in the alternative, then maybe there's a claim preclusion problem. But if he has to pick one, it can't be claim preclusion. Exactly right. If it was like a complaint in the district court where you get to throw every single argument that you have at him at one time, then we might be looking at more of what the district court here had held and decided. We might be in more of a claim preclusion issue. But under the statutes, under the rules, under the forms, and under the cases, he could not do that. He was only able to produce one exemption scheme at a time. Therefore, claim preclusion cannot apply. What about, could he, I think there is some case law that suggests that he could have, in responding to the objection, have said, well, if this one doesn't work, then that one does. I'm sorry, in responding to the objection in the last part? Then he could have said, well, if the Washington exemption doesn't work, then the federal one does. What he could have done is he could have amended before the order was objected. I know. I'm asking you a different question. I'm asking you whether, as part of the litigation over the Washington exemption, there are some cases that suggest that he could have raised as a defense that the, alternatively, the federal exemption is available. I don't know of a single Ninth Circuit case that has said that, or that says anything along those lines. Does that make sense? Because he would still have to do it, right? He could defend it on that ground, but there would still have to be an exemption actually claimed. There would still have to be an exemption actually claimed. In other words, to say, the only defense could be, well, I have an alternative exemption, but that wouldn't constitute a claim of an alternative exemption, probably, possibly. I mean, it seems like a strange, there are some cases that say that, but it seems like a strange way to deal with the situation. I agree. I think it's a very strange way. I think it's not precluded to respond and say, well, I could just change this. Or you could just go ahead and change the exemptions before the ruling comes out, and therefore the ruling is moved. However, a fundamental, the top tier of what you have to prove to be able to use claim preclusion is that this could have been, either was or could have been raised on a prior case. And that's not what, we don't have that here. The trustees are arguing, and the district court ruled, that Mr. Nance cannot exercise his explicit right to freely amend because of claim preclusion. But that's wrong. Like I said, claim preclusion only applies in cases where it could have been raised and he was not allowed to raise that. This is probably a foreclosed question by our case law. But is it clear to you that the fact that a termination on an exemption is final for appeal purposes means that it's final for preclusion purposes? I would say, yes, it's final for preclusion purposes. Therefore, if, for example, if I claimed homestead under Arizona law, and the trustee objected, and the trustee won, I cannot go back then and say, I'm going to claim this homestead exemption under Arizona law again. That 100%, that would be more. It hardly matters whether you call it preclusion or what you call it, because the bankruptcy judge is going to say he already ruled on that, and I'm not going to rule on it again. Right. But in terms of preclusion of a broader claim preclusion kind, that is what you could have raised, because otherwise, what is the finality? I mean, it seems to me that bankruptcy finality for appeal purposes is purposely rather loose and not, because the case is still ongoing. There's still a case going on.  And there hasn't been a discharge or anything. Right. If somebody doesn't appeal, does that mean the district court couldn't go forward and change their mind about an exemption? So, if a debtor files an exemption, the trustee objects and wins. Can a debtor then file a new exemption? Yes, they can. Under Federal Bankruptcy Rule 1009A, the petition list schedule statements may be amended by the debtor as a matter of course at any time before the case is closed. Now, In re Albert does say, if it's a legally identical issue, preclusion may come in. We're not going to make the judges hear the same thing over and over. It doesn't occur to me that preclusion has to at least be substantially narrower under these circumstances because, in general. Because, I mean, what you really have in these appeals is a tantamount to an interlocutory, well, to a cone versus beneficial finance kind of appeal in state court and federal court. Right. And my understanding of those kinds of appeals is that you can take them, but if you don't take them, you don't have preclusion until there's a final judgment. And there's like, for example, for qualified immunity, if you're denied qualified immunity, you can take an appeal because of various reasons we have said. But if you don't take the appeal and the case plays out and there's a trial, I don't think you have, you certainly don't have claim preclusion at that point. So I'm just wondering whether that dynamic doesn't play into how we ought to look at preclusion under these circumstances. Well, and I would like to reserve a couple of minutes for rebuttal. But first of all, to say that it is bankruptcy court, the issue of preclusion is going to be much more narrow than what it is in the district court. For a claim, like you said, if somebody had gotten a default judgment. Yeah. I'm sorry? Claim preclusion. Thank you. Okay. If someone had gotten a default judgment and part of that judgment is this property is worth $10,000, they can't really go back and start arguing about the value of the property because that is precluded. But they can go back and argue a different exemption. Counsel, before you reserve, I have a question on this issue of the party presentation rule. Okay. Where the district court ruled that the party presentation rule barred what the bankruptcy court did with the, if I'm using the term correctly, the federal wild card. Okay. So this is my question. Okay. What is the appropriate standard of review for the district court looking at whether the bankruptcy court violated the party presentation rule? And what is our standard of review of what the district court did on whether the bankruptcy court violated the party presentation rule? Okay. I would say that the standard of review when the district court looks at the bankruptcy court, they're going to have an abusive discretion review. However, when with you looking, with the Ninth Circuit looking at the district court, you are looking at whether or not they follow the correct law, and that in itself would be a de novo review.  So if that's correct, then in essence, we would be deciding whether the bankruptcy court abused its discretion in deciding whether the bankruptcy court violated the party presentation rule, we would be looking at whether the bankruptcy court abused its discretion. Yes. All right. I'll give you some extra time on rebuttal. Thank you. Thank you, Your Honor. Good morning. If it pleases the court, my name is Terry Dacre. I represent the bankruptcy trustee, Lawrence Warfield. I think that the court has received some incorrect information this morning. It's my understanding that Washington, unlike Arizona, is not an opt-out state. Arizona is an opt-out state. It's not, but so what? I'm sorry? It's not, but so what? I mean, first of all, is it not correct that both the bankruptcy form and the statute and perhaps the applicable rules do require that you choose one? With respect to most assets, that's true. There are times when that's not true. For example, the pension exemption that's available under, I'm always horrible with the sites, 522B3C. Arizona has a state exemption for that. All right. But what about in this instance? With respect to the home state, yes, you're going to have to choose. All right. So why doesn't that simply preclude, since the whole notion of claim preclusion is as to what you did argue and what you could have argued, certainly I understand the briefs focused a lot on whether the different exemptions were sufficiently distinct that even if claim preclusion potentially applied, it didn't apply or it did apply. But the fundamental notion of claim preclusion is that as to different clauses of action, they have to be things you could have litigated with overlapping factual, with the same nucleus of facts. And even if we assume there is the same nucleus of facts, you couldn't have litigated it. So why isn't that the answer? Well, because that's not accurate in this case. First of all, let's look at the sequence of events in this case. First of all, the debtor tried to claim the Arizona exemptions when it was apparent from his own papers, his petition and schedules, he was not entitled to them. All right. But the Arizona exemption we know is exclusive. I mean, he couldn't have raised the federal exemption at that point. Besides which, he withdrew it before the bankruptcy judge even ruled on it. That's correct. And that's the point I was getting to. He had the opportunity to correct it before a final order was entered. Right. And he did. Right. And what he did is he went to Washington, which is where he should have gone in the first place. Now, when you went to Washington, he had a choice. He could have elected the federal exemptions or he could have elected the state exemptions because Washington is not an opt-out state. Okay. He elected Washington. He made a mistake, but the question is whether there's a claim preclusion as a result. Well, sure, because just like the first time when the objection was filed to his Washington homestead exemption, it was a pure legal issue. The Washington state court had said you can't claim out a state property exempt in Washington. At that moment, just like the very first objection, he could have amended and claimed the federal exemptions, but he didn't. Okay. But I still don't know why that leads to claim preclusion. It's a claim preclusion because he had the opportunity, based on the facts, to claim the other exemptions and elected not to. He could have chosen A or B. That's correct, Your Honor. He could have. And just like the first time, he didn't. I'm still confused about why that would equal claim preclusion, but for the reasons I think Judge Verzon is. But let me ask you, I apologize that this is a somewhat irrelevant question. At the time the trustee took the appeal to the district court, how much money was at issue totally in this in the appeal? I can't really answer that question as I stand here because there were there could have at the end of the day, if the asset is not exempt and the trustee has to sell it, it's going to be a matter of the market value of the asset. But how much would he have gotten? How much would the bankruptcy estate have gotten? No, how much would the debtor have gotten? If the exemption was denied? No, if it was granted. If it were granted, how much are we talking about here? How much extra? If it was granted, the debtor would have retained both the RV and the real estate. In total? Yes. Okay. So the other issue, and this gets back to the hanging paragraph. I thought the federal exemption was limited to a fairly small amount of money. Roughly $30,000 for the federal. So it's not the value of the property. It's $27,000 of the value of the property. It's the equity in the property. Right. Right. So what you told Judge Bennett is wrong. Well, again, he gets to exempt the equity in the property under the federal exemption up to the amount of the value. Up to $27,000. Yes. And, again, the value had not been determined. We've never got into that issue because we've never attempted to liquidate the property. I'm missing something. It's the exemption for more than $27,000. Currently? Well, whatever the amount was at that time. The total amount of the exemption that he would have been allowed in the real estate would have been the maximum federal homestead exemption. Which is? Which was roughly $27,500. So it's not true that he would get to keep the house. He would get to keep $27,000 of the equity in the house. Well, if the value of the house, if the equity in the house did not exceed that, he would have effectively kept the whole thing. Right, which is almost impossible. So, okay. Well, I believe there was a lien on the property as well. So we would have had to have liquidated, paid the lien, and then we would have had to have satisfied the exemption. Counsel, do you agree with your friend that as to the party presentation rule, essentially what we would be deciding is did, if we thought the party presentation rule were applicable here, that we would be deciding whether the bankruptcy court abused its discretion? If it were applicable, yes. But I don't think it's applicable in this case because this was a situation where, as a matter of law, what the bankruptcy judge did was completely improper, that the bankruptcy judge is not in the position to select and allow exemptions without, first of all, without honoring any of the due process obligations. It's the debtor's obligation to choose the exemption, not the bankruptcy court. It's the debtor's obligation to give notice of that proposed exemption to all creditors and parties in interest and allow them an opportunity to object. He did ask, in general, to exempt the value or some amount of the value of the RV. As part of his homestead exemption, yes, ma'am. But more generally, to exempt it. Yes, ma'am. So the question is whether the selection of which exemption applies is of the character that you're suggesting rather than simply a rule of law that the district judge can decide applies to the case. Well, I'm not sure how to answer your question, Your Honor. Well, why don't you answer it? I mean, in other words, that's the question, right? I mean, that's what we're – the alternative view of this is he said that this is exempt under the bankruptcy laws, and the district judge – so it isn't just if the district judge was coming out of the air and saying, you know, I think here's some property I think should be exempt because he'd already argued that it should be exempt. He was saying, well, it is exempt under this provision of law. But, again, the problem is it's not up to the bankruptcy judge to select exemptions for a debtor. I mean, that's the answer. That's the question, not the answer. I mean, if a debtor comes in and says this – I regard this property as exempt or I'm arguing that this should be exempt from discharge under the bankruptcy laws, and it doesn't say but it's under – it's this exemption rather than that exemption, is that beyond the power of the bankruptcy court? That's the question. It is. The bankruptcy court, a court of equity? To an extent. Are the rules the same in courts of law and courts of equity in this regard? If you're talking about this specific issue, no, because it's up to the debtor to select the exemption. There's a reason why the debtor selects it. The judge's use of the debtor's wild card may affect other assets that the debtor is trying to exempt. How can a judge possibly decide on behalf of the debtor which part of the debtor's wild card the debtor should use? It boggles my mind. If I'm representing a debtor, I don't want somebody else telling my client which part of his wild card he has to use. The debtor didn't object. Well, of course the debtor didn't object because he was getting what he wanted at that moment. Nobody had an opportunity to address it because the judge just said, here's an exemption, I'm going to allow it. No one had the opportunity to address it. No one had the opportunity to think about it. This, at the end of the day, may affect Mr. Nance. If Mr. Nance loses his homestead exemption, he may have other issues. I'm sorry, Goddard. I was going to change the subject. Would you respond to your opponent's argument about how she couldn't relitigate Washington exemptions, accepting that she's bound by res judicata for that, but could then raise a different exemption and not be barred? That's exactly the problem, Your Honor. That's why we're here. What we have is a case where the facts were determined at the time the bankruptcy petition was filed. The facts have never changed since the date that this case was filed. The only thing that has changed is the selection of the legal theory. And the case law, other than LADD, seems to be pretty consistent that if you are only changing the legal theory, that's not enough. What the debtor is trying to argue is, well, under this exemption, these facts apply, under this exemption, these facts apply, under this exemption, these facts apply. As counsel mentioned, if you go through the 50 states, every state, at least the states that have opted out of the federal exemptions, have a variety of exemptions. It's true, though, that they could not have. The rule is that you have to raise every issue or claim that could have been raised. And she couldn't have raised, or Mr. Nance couldn't have raised. Mr. Nance could have selected the federal exemptions when his Washington State homestead exemption was objected to. He didn't have to wait. He could have amended, just like he did. He didn't have to wait, but he couldn't plead in the alternative and say, I want Washington, and if Washington doesn't work, I want Arizona. Or if Arizona doesn't work, I want the federal. He has to pick. Well, in his pleading, he could have said, but again, keep in mind that he never responded to the objection to his Washington homestead exemption. That's one of the problems with this case. This is about bad choices and, frankly, bad lawyering. He could have responded and said. I have some defense, which would have been extremely difficult, given the fact that the Washington Supreme Court said this isn't going to work. Or said or in the alternative, your honor, if you find that this exemption is not allowable, allow me an opportunity to amend. But if the district court I mean, if the bankruptcy court said, no, Washington, no good. I'm going to exercise my discretion in not allowing you to amend. You'd still be arguing claim preclusion. Absolutely. Absolutely. Because basically the choice was pick the right one. Exactly. And if you pick the wrong one, you can never argue it's a different exemption. The issue is, is did you have the opportunity to protect yourself? Did you have the opportunity to get it right? I mean, that may be a reasonable question, but it's not a claim preclusion question. Because a claim preclusion question is having let something go to a final judgment. And I, as I suggested before, I'm a little leery about this whole final judgment notion. It's at least a peculiar kind of final judgment. But having assuming it for now, having let it go to final judgment, what is it that this final judgment decided or could have decided? And it couldn't have decided this. So even if you could have come in earlier, still the judgment is does not apply to the federal claim, does it? The federal exemption, because you couldn't have raised it at the same time. You would have had to dismiss that one and start over again. That's your argument is you just dismissed it and started over again. So the judgment in the Washington, as to the Washington exemption, I can't see how it's preclusive, even if better lawyering would have done it the other way. Well, the problem, Your Honor, is if we don't apply claim preclusion to this, what we have is what we see in this case, a serial claim of exemptions. I have another appeal appending before the Ninth Circuit currently where exactly that same sort of thing has happened. But it's a product of the way that the unusual way in which the statute is set up, which is to preclude alternative plea. Well, a claim, ordinary claim preclusion assumes the availability of alternative claims. So it's anything that you could have litigated with regard to the same core facts. But if you can't litigate them simultaneously, then how could it be preclusive? Well, and again, Your Honor, I don't know that to be true. And I don't think the law establishes that to be true. Again, had counsel pled and asserted, well, if this exemption is going to be denied, I can claim a different exemption. I think we'd be in a different situation. I think counsel would have preserved the opportunity to avoid the claim preclusion issue. I thought you just you answered my question a few minutes ago that I thought I asked that exact question. If the district, if the bankruptcy court had said, no, Washington doesn't apply and I'm not going to let you amend. So we're done. I thought I asked you, and would that be claim preclusion? I thought you said yes, I did. But I think counsel should have made that argument. And then the issue would be to take that up on appeal to find out whether or not that's an abuse of discretion, which it probably would be. All right. Thank you, counsel. And how much time is left? All right. We'll give you three minutes. Thank you. In response to the trustee's argument, I just want to point out accepting his way of doing claim preclusion would essentially stop all litigation regarding exemptions in the in the bankruptcy world. Because the reason that we know a lot of these questions about whether Washington allows the homestead exemption to be done outside of to apply to house homes outside of the state or whether non-residents are able to claim an exemption is because of these sort of unresolved questions that began in the bankruptcy court. And a lot of times got certified over or and obviously not all of them are. But a lot of a lot of the questions about these these open questions began in the bankruptcy court. And under under his theory, if you lose it, if you lose like you can't litigate it out because if you lose, you can't ever go anywhere else. And yes, I understand you can appeal. Right. You can appeal. But if if it turns out, for example, Arizona had said when it got certified to the Arizona Supreme Court, they said that an RV does not account for a homestead exemption, even though it always had before. So now we have a new answer from Arizona. And and now that if under this version of claim preclusion, that debtor has no ability to go to any other. Well, I mean, my guess would be that and I have no idea whether or whether the relevant court would follow the restatement of judgments. But my guess would be if that were actually what happened, there would be a claim preclusion exception in the restatement of judgments. But but that's a different issue. But the point is, is that it would chill any and all answers to the questions of whether or not any open question about whether or not this exemption scheme applies could not be litigated out because they would not have the ability to pivot if they were wrong. And then the other concern is that it's basically get a one shot chance to protect your property. And remember, Arizona has runs about 15 percent pro se in Chapter seven. So suddenly all of those he said it's bad lawyering. I'm not saying it's bad lawyering, but I am saying people without a lawyer are really, really going to be disadvantaged if this if this new way of claim preclusion is is applied. And the other thing that I want to say is just that we just asked that this court overrule the district court. It used the improper improperly applied claim preclusion where it did not apply. All right. We thank counsel for their arguments. The case just argued is submitted. And with that, we are adjourned for the day and the week.
judges: BERZON, BENNETT, Lefkow